*Court of Common Pleas, Dauphin County, March 23d, 1868.*

## Shartzer *v.* Rutter.

The prosecutor in a criminal case is not liable for the costs of the commonwealth's witnesses, and a promise to pay them is void for want of consideration.

By the Court.—The evidence in the within case shows that Rutter had commenced a criminal prosecution in court for a conspiracy; that the plaintiff and others were subpœnaed and attended as witnesses on behalf of the prosecution.  Therefore, they were witnesses for the commonwealth, and Rutter, the prosecutor in that case, was not liable to them for their costs (Stein *v.* Zeigler, 1 W. & S. 259).  He said to all of the witnesses, the plaintiff among others, " to stop here (at court), and they should be paid for their time," and according to the statement of Straw, " that he would see them paid," though this was not said to Shartzer; but we will treat it for the present case as if addressed to him.  Was the promise binding?   According to well-established principles, such   promise is void for want of consideration.  The prosecutor

[Fitting *v.* Glassbrunner.]

is under no obligation to pay the witnesses, and they are obliged to attend. A promise to pay money to a witness, regularly subpœnaed to give evidence at a trial, as a compensation for his loss of time, is void. So a promise to pay money to a sheriff in consideration of his executing a writ, because it is his duty to do it. So a promise by the captain of a vessel to pay money to his crew, as an inducement to excite extra exertion during a storm, because a sailor is bound to use his utmost exertion to save the vessel (Addison on Contracts, 14*; Cro. Jac. 103; 4 Moore, 300; 1 B. & Ad. 956; 3 Bos. & Pul. 615; 6 Esp. 129; Parke's Cases, 72). These principles clearly show that the promise proved was without consideration, is void, and no action can be supported thereon.

Judgment must be rendered in favor of the defendant on the point reserved, *non obstante veredicto.*

*Mumma, for plaintiff.*

*Fleming, for defendant.*